Mr. Graciano, are you there? Yes, Your Honor. Okay, and I understand you have three minutes for rebuttal. Yes, Your Honor. Thank you. Your Honor, my name is Robert Graciano. I represent Mr. Mohamed Diarra Gakou. To begin, Your Honors, I would like to just state that it's clear, I think, from the briefs that no one is contesting that the immigration judge failed to conduct a proper analysis of whether or not to grant a continuance in this case. The IJ's decision simply wrote per AG decision as analogy. I don't see that as any kind of analysis. The government has argued that that is beside the point. What we have to do is look at the board's decision and to determine whether they accurately analyzed the request for the continuance. I would like to turn the court's attention to that argument. I believe it is contained solely in one paragraph in the board's decision, that being the first full paragraph on page 2 of the decision. I believe that's in the record, that's page 4. The first sentence of this analysis states, we agree with the immigration judge that the respondent did not establish that an additional continuance was warranted to await adjudication of the visa petition filed on his behalf. That sentence, of course, is a conclusion and not an analysis. The second sentence is, moreover, the respondent has not indicated on appeal that he is currently eligible for any type of relief from removal, nor has he submitted any applications for relief. At that point, your honor, the petition had not been approved, and so he was unable to file any applications for relief, and so that sentence does not really address the Hashmi factors at all, but simply states that he hasn't filed an application. And then the third sentence is, therefore, the respondent has not demonstrated You have one more minute. Thank you. He has not demonstrated that the immigration judge's decision to deny the continuance caused him any prejudice. Your honor, this is not an analysis. This is simply a statement that the respondent had not yet had an approved petition. This is exactly what happened in the case of Flores v. Holder, where the court ruled, that's 779 F. 3rd 159, where the court ruled basically that the board's analysis, just looking at whether or not the I-130 had been approved, was an abuse of its discretion, and it should have looked at whether or not the I-130 petition was prima facie approvable, which it did not do, and we believe, your honor, that neither the immigration judge nor the BIA conducted the proper analysis that is required in a case like this, and clearly the I-130 was prima facie approvable because it was ultimately approved. All right, thank you. Mr. Graziano, Judge Calabresi? Yes, just one question. The immigration judge seemed to have decided as if the judge had no discretion, but that wasn't what the BIA affirmed on, so I take it that your argument is not based on that error. It's based on an error of not taking into account the Hashmi factors. Am I correct? That is absolutely correct, your honor. I don't believe either the judge or the board did that kind of an analysis as required under Hashmi, and as the Second Circuit has stated in other decisions, that if the board, in a case with an approvable petition, where the board does not address the Hashmi factors, it has to at least explain why those Hashmi factors are not relevant, and they did not do that either. Thank you. Thank you. That's my only question. Judge Westwood? No, thank you. I have none. Thank you. Yes, let me just follow up on that, Mr. Graziano. So on the issue, I know your argument regarding the failure to follow the Hashmi factors, but Hashmi also says that the IJ may require an application and supporting documentation to determine the prima facie eligibility for adjustment, but here, there was no request for that either by the IJ, I think, is your argument. Is that accurate? Yes, your honor. We had submitted it. We had shown, I believe, to the court that the marriage had occurred in 2011, so it was not a marriage that was entered into while the respondent was in proceedings, and nothing was really even inquired as to the bona fides of the case. The court focused on continuances, and on that point, your honor, I'd like to just say that there were a number of continuances. Some were caused by the government. Some were caused because I, one time, was in the hospital, and just looking at the number of continuances, your honor, I don't believe is an appropriate exercise of discretion. All right. Thank you. You have a little bit of time left if you have anything else you want to add, or you can rest on your papers. Your honor, at this point, I would rest on my papers, but I would hold those few minutes in for rebuttal. All right. Thank you very much. Thank you, your honor. Okay. Ms. Seymour. Thank you, your honor. May it please the court, Mel Seymour on behalf of Attorney General William Barr. The board in this case acted well within its broad discretion when it determined that the immigration judge properly denied petitioner's request for an additional continuance to await the adjudication of a pending family-based visa petition. The board's reasoning in this case, while concise, was indeed consistent with matter of Hashmi and matter of LABR. Hashmi provided the illustrative factors to consider in determining whether continuance is warranted in a family-based adjustment scenario, and LABR reinforced those principles and stressed the primary consideration in good cause analysis should be the probability that an applicant's collateral relief will be granted, and whether that relief will materially affect the outcome of the removal proceeding. The board here ruled consistently with this precedent. It properly considered and balanced the case-specific factors, and it concluded that the petitioner had not indicated on appeal that he was currently eligible for relief, and that he had not submitted any application for relief. Among other factors, the board considered that DHS had opposed the motion, and that the proceedings had been pending since July of 2017. As opposing counsel did note, there were at least nine total recesses and continuances, and at least two of those were previously granted for the pending I-130 specifically. While it is true that the number or the length of FAR continuances aren't dispositive, a history of continuances, especially when they're based on pending I-130s, coupled with other relevant factors, can support a decision to move forward. The government would also like to note that the board does not have any separate duty of articulation, and that absent compelling evidence to the contrary, the court should assume that all of the evidence was taken into account. And here, other record evidence does reflect that both the IJ and the board considered whether or not those other factors were relevant, including whether DHS had opposed the motion, his detention, the number of continuances, and the fact that he had over a year to obtain documentary evidence. The government would also like to point out that the petitioner did not meet his burden to establish good cause, and to stress the fact that it was his burden, and that he submitted minimal, if any, evidence. You have one more minute. Thank you. To support his eligibility for adjustment, or why his criminal record should not be a concern, and although he did provide evidence in the form of country reports, receipts, marriage license, and birth certificate, that did not address any of his questionable adjustment or eligibility under the statute. All right, I'll turn over the questioning to Judge Calabresi. Yes, let me say that I'm quite troubled by this case because Kashmi has a long story. I wrote the opinion which sent the question of continuances back to the BIA. Continuances were being granted or denied in a totally haphazard way, and some people wanted our court to make a decision. I wrote an opinion instead which asked the BIA to think about it and come up with something, and they came up with the Kashmi factors, which are really, you know, perfectly sensible ones. What troubles me is if this is a BIA rule, and the BIA, because they're busy, because they have too much to do, doesn't live up to it in some case, why doesn't the government simply send it back and do it itself? It seems to me that bringing a case where the BIA has not lived up to its own rules is a tremendous waste of time. Now, that isn't your problem, Ms. Seymour. You do your job. But I do think that it might be worthwhile letting the government know that keeping up with their own rules is something that would be very helpful to us. So that's my more a point than a question. But am I wrong that they didn't live up to the Kashmi factors? They didn't look at them? So the government's position, Your Honor, is that they did indeed live up to the Kashmi factors, and that they did consider the relevant factors in this case. And although they may have weighed more heavily on some over others, or although they may not have explicitly delineated all of the factors, the record shows that both the IJ and the board were aware of the procedural history of this case and were aware of relevant factors and came to the conclusion while fighting both LABR and Kashmi. The IJ went so far as to say that there was no discretion. Now, the BIA was better than that. It didn't go on that ground, but it didn't. There's no indication that it considered any of the Kashmi factors, including the fact that risk was a fairly likely application to be granted. In fact, it was shortly after. And there was delay on the part of the government in dealing with it, which is understandable. But one would want that to be thought about, wouldn't one? Yes, Your Honor. And I do think the government agrees that the Kashmi factors and the factors that are reiterated in other board decisions on similar issues are important. But we'll just reiterate that although the board may not have specifically connected the factors to the Kashmi decision, their decision in a different paragraph and that the decision as a whole, which should be considered as a whole, does reflect that it knows the situation in this case, that it knows the factors that were considered, and that it agreed with the immigration judge that there wasn't good cause for the continuance. Thank you. Judge Westley? And if we disagreed with that conclusion, the appropriate remedy is a remand. I disagree with that. The government would disagree with that, Your Honor. The government puts forward, as it did in their brief, that the proper procedure would be a motion to reopen before the board. Because petitioner here is not alleging any error in the board's decision. It is requesting remand based on new information. And the government would also press that the only issue before this court is whether the agency abused its discretion when it upheld the denial of a further continuance on the facts and the record at the time. And although the I-130 has since been approved, and although petitioner has since provided documentation that the 485 has also been filed, that was not before the board. And so the factors that were before the board, the agency did consider. So the better and proper remedy would be for a motion to reopen and not for a remand. But this appeal doesn't preclude that from having been done, does it? I apologize, Your Honor. I don't understand the question. I'm sorry. This proceeding didn't preclude them from going ahead and having filed an application that affected it? It did not. They were still at liberty to file a motion to reopen. All right. Thank you. I just want to follow up on that last point. I guess I don't understand. If we conclude that the HAZME factors were not followed here, then remand is the appropriate remedy. They also are claiming new information, which would then the appropriate remedy be a reopening. But if the HAZME factors were not applied correctly, then they're entitled to a remand, correct? It is within the court's jurisdiction to grant a remand. However, the government's position is that the HAZME factors were applied correctly and that a remand in this case would not be appropriate. And it would be contrary to the regulations that provide that the proper avenue was a reopening of proceedings. I'm having a hard time understanding how we can conclude that all the HAZME factors were considered and applied, where several of them are not mentioned. The IJ, as it was pointed out, didn't think that he had the discretion to even, you know, grant the continuance. But the BIA didn't mention whether the underlying petition was prima facie or approvable. It didn't mention whether or not the respondent was statutorily eligible for status. There's no discussion of those factors at all by the BIA. In fact, it's not even clear. The IJ didn't even mention the fact that an I-130 petition was pending at the time of the denial of continuance. So what would be the basis for us concluding that these primary considerations were considered by the BIA when there's no mention of them? So I would take that question in two parts, Your Honor. First, with the immigration judge, although the decision doesn't mention the fact that there's a pending I-130, the rest of the record and the transcripts of the proceedings make it very clear that the IJ was aware of the petition and in fact had on its own accord granted the continuance to allow for time for the petition to be approved. So although the petition itself may not specifically talk about the factors or the fact that the application was there, the record doesn't reflect that the IJ was aware of that when it concluded that the petitioner had not met his burden to establish good cause. And similarly for the board, although it does not address and refute every single claim, it doesn't have to because the decision makes it clear that the board inquired as to whether good cause exists, considered the relevant factors, and did weigh them within its discretion. No, but is it an important factor whether it's prima facie approvable or not? I mean, isn't that a critical factor? It's not the dispositive factor, but there's nothing in there about that. Prima facie approvability is one of the factors that has been highlighted. However, it's still a discretionary factor and it's not a determinative one. And the government would point out that the board did rule consistently with that rationale when it said that the petitioner had not met his burden to approve eligibility for relief. And in that, it could be argued that the board assumed that the petition would be granted and moved forward to whether or not the petitioner would be eligible for adjustment. And the record doesn't reflect that petitioner had submitted any or much, if any, evidence to show why he would be eligible either as a matter of discretion, admissibility, or any other barriers to his relief. My last question, in the papers you argued there was no actual prejudice because he didn't have an application pending. But as Mr. Graziano pointed out, until the petition is approved, you can't even put in an application. So I just want to make sure you're not suggesting that if you don't have the application pending that you can't demonstrate that you're prima facie approvable and that you're statutorily eligible. It's not required that you have an application pending in order to be eligible for the continuance, right? Not at all. You can have actual prejudice even though you haven't filed the application yet, right? That is correct. But again, the board's conclusion was that there was no prejudice because petitioner had not met his burden to show his ability to adjust in any other form. So the lack of prejudice for petitioner having not shown his ability to secure relief was just that. The agency was aware the petition was pending, but they felt that petitioner had not met his burden to show good cause to further continue the case based on that pending I-130. Thank you. Judge Calabresi, you had another question? Yes. If we were to agree with you and a petition to reopen were presented and the BIA turned that down, that petition would not be appealable. That decision would not be appealable. Am I correct? That is, the decision... I apologize, Your Honor. I actually... I'm sorry? Could we continue? I'm sorry. I couldn't hear you. I didn't mean to interrupt you. I apologize. I'm not understanding what you're saying. I'm sorry. Did you hear Judge Calabresi's question? Yes, I did. And I didn't mean to interrupt, but I was just going to say that I apologize. I believe it is, but I actually don't know the answer to that question. Thank you. Mr. Graziano, you have some rebuttal time? Yes, Your Honor. Just a couple of points. I believe that our motion to remand filed a couple of weeks ago may have confused the issues. There's a basis for a remand based on that motion, but I believe that the court is absolutely correct that if the court finds that the Hashmi factors were not followed, a remand would be the appropriate remedy to resolve the case in chief, apart from the issue of the motion that was filed. Secondly, Your Honor, I would like to just conclude with the statement at the end of a matter of LABR, which the Attorney General issued just a month before Judge Montante denied the continuance here, where the AG states, I therefore conclude that an immigration judge must assess whether good cause supports the continuance to accommodate a collateral proceeding by considering primarily the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings and any other relevant secondary factors, and then cites Hashmi at the end of that decision. I believe that the court is correct that there is no indication that the IJ or the Board looked to the likelihood of whether or not the I-130 would be granted, and that is the main reason why we believe this matter needs to be remanded for further consideration. Thank you.